# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| THE REVOLUTION FMO, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 17CV2220 HEA |
| | ) |
| MARVIN MITCHELL, | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Renewed Emergency Motion of Plaintiff for a temporary restraining order [Doc. No. 22]. A hearing on the motion was held on August 29, 2017, at which counsel for the parties appeared. For the following reasons, the motion will be denied.

## BACKGROUND

On August 10, 2017, the Court held a hearing on the *ex parte* relief sought by the Plaintiff. Defendant appeared in person and through counsel. The Court heard argument regarding the requested seizure of the electronic devices, but then adjourned for lunch before arguments regarding the balance of the requested relief could be heard.

At the Court's urging, counsel for the parties consulted during the lunch recess, and agreed to a procedure whereby Defendant would voluntarily make

electronic devices available to a third party neutral for inspection and removal of any alleged trade secrets, would agree not to use any of Plaintiff's alleged trade secrets during the interim, and would agree not to market or sell his book until such time as the copyright issue was resolved.

Counsel announced this agreement to the Court at the conclusion of the lunch recess before hearing oral argument on Plaintiff's *ex parte* motion for a temporary restraining order and motion for *ex parte* impoundment. The Court took the matter under submission while the Parties endeavored to reduce their agreement to an agreed order.

Subsequent to the initial hearing, the parties met and attempted to memorialize their agreement. Negotiations broke down based on the method for such memorialization. Plaintiff seeks a Rule 65 restraining order; Defendant seeks a Rule 26 protective order.

## DISCUSSION

In determining whether to issue a TRO, the Court must consider the following four factors: (1) the threat of irreparable harm to the movants; (2) the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movants will succeed on the merits; and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc); *see also Home Instead, Inc. v. Florance*, 721 F.3d 494,

497 (8th Cir. 2013). The party requesting injunctive relief bears the "complete burden" of proving that an injunction should be granted. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987).

**Irreparable Harm to Plaintiff Absent an Injunction**

"[T]o demonstrate irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Novus Franchising, Inc. v. Dawson*, 725 F.3d 885, 895 (8th Cir. 2013). "Courts generally hold that the disclosure of confidential information such as customer information and business strategy will result in irreparable harm to the plaintiff." *Experitec, Inv. v. Stachowski*, 2014 U.S. Dist. LEXIS 185282, at *7 (E.D. Mo. Jan. 30, 2014).

Defendant counters this by his agreement to enter into a protective order which would preclude him from disclosing any of Plaintiff's strategies and asserted trade secrets. Rule 26(c) provides:

> **(c) Protective Orders.**
>
> **(1) *In General.*** A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

>> **(A)** forbidding the disclosure or discovery;
>
> **(B)** specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
>
> **(C)** prescribing a discovery method other than the one selected by the party seeking discovery;
>
> **(D)** forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
>
> **(E)** designating the persons who may be present while the discovery is conducted;
>
> **(F)** requiring that a deposition be sealed and opened only on court order;
>
> **(G)** requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
>
> **(H)** requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. P. 26.

Rule 26(c) provides precisely what Plaintiff is seeking. Defendant has agreed to entry of a protective order wherein he will be precluded from disclosing, using or otherwise depriving Plaintiff of its alleged trade secrets and strategies. Plaintiff's speculation that, in the event of a violation of the protective order, **and** in the event of the issuance of an order of contempt, **and** in the event of an appeal from the order of contempt, the appellate court **may not** affirm the contempt order is too tenuous an argument to establish irreparable harm. Defendant has agreed not

4

to use Plaintiff's information. Defendant has agreed to the entry of the protective order reducing this agreement to writing and has already turned over to Plaintiffs his electronic devices and any of Plaintiff's documents that he has printed. Plaintiff cannot establish that it will be irreparably harmed if a temporary restraining order is not issued.

## CONCLUSION

Based upon the foregoing analysis, the Court concludes a temporary restraining order is not appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Renewed Emergency Motion for a temporary restraining order [ECF Doc. No. 22] is **DENIED**.

**IT IS FURTHER ORDERED** that within 7 days from the date of this Opinion, Memorandum and Order, the parties shall meet and reduce to writing the agreed terms and conditions of a Protective Order for the Court's consideration.

**IT IS FURTHER ORDERED** that the parties shall submit, on or before, September 12, 2017 a Proposed Protective Order for the Court's consideration

Dated this 29th day of August, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE