UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE REVOLUTION FMO, LLC, | ) |
| | ) |
| Plaintiff, | ) Case No.: 4:17CV2220 HEA |
| | ) |
| v. | ) |
| | ) |
| MARVIN MITCHEL, | ) |
| | ) |
| Defendant. | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Disqualify, [Doc. No. 54]. Defendant opposes the Motion. The parties have submitted numerous memoranda on the motion. For the reasons set forth below, the Motion is denied.

## **Facts and Background**

Plaintiff's Complaint alleges that Defendant misappropriated Plaintiff's trade secrets to disclose Plaintiff's trade secrets to its competitor, Advisors Excel. Defendant's counsel represents Advisors Excel in addition to Defendant and another former employee of Plaintiff.

On September 15, 2017, the Court entered the Protective Order to which the parties agreed. This Order provides, *inter alia*,

> In order to preserve Plaintiff's alleged trade secrets and proprietary information, Defendant shall not use, disseminate, or otherwise discuss the

Retained Material (as that term is defined below) in any forum or by any medium, including, but not limited to use through his business Mitchell Retirement Group, LLC d/b/a Compass Retirement Solutions ("Compass Retirement"), on his website, at seminars, in social media, publications, broadcasting, email communications to third parties, or advertising efforts. Defendant shall not alter, move, modify, delete, copy, transfer, or disclose any Retained Material in his possession, custody or control. Defendant shall further, to the extent he has not already done so, instruct employees and staff at Compass Retirement that they shall not alter, move, modify, delete, copy, transfer, or disclose Retained Material or files containing portions of Retained Material and shall not use, disseminate, or otherwise discuss Retained Material. Nothing contained herein shall limit or abridge either party's ability to designate materials produced during discovery as Confidential, Highly Confidential, or Attorneys' Eyes Only as further described in the Expedited Discovery Order or any subsequent Order entered by this Court. The restrictions on the Defendant's use or dissemination of Retained Material contained in this Order shall be deemed to restrict Defendant's use of materials in his possession or control, or which may come into his possession and control during the course of this lawsuit. The restrictions apply not only to the Defendant's use or dissemination of Retained Material, but also that of those acting at the Defendant's instruction with respect to such use or dissemination.

Until such time as the Court enters judgment, or the Parties enter into a settlement agreement, resolving Plaintiff's pending copyright infringement claim, Defendant shall not sell, distribute, gift, advertise, or display his book titled: "Protecting your Retirement Nest Egg: What The Wall Street Brokers & Bankers Don't Want You to Know." Within fourteen (14) days of the entry of this Order, Defendant shall send written communication, copying Plaintiff's counsel, to Advisors Excel, Amazon, Baker & Taylor, Barnes and Noble, Brodart Normal Trade, the Public Library of Annapolis, the Wellesley Free Library, and any other commercial third party known by Defendant to be in possession of his book, requesting that the recipient remove his book from distribution.

The term "Retained Material" shall mean any electronic or hard copy versions of (i) any document Defendant and/or his staff received either in hard copy, electronically, or via Plaintiff's website or electronic database, including, but not limited to, the materials listed in Exhibit E to Mark Lindsey's declaration (Doc. No. 5-6), as well as earlier or later versions of

those materials which Defendant and/or his staff received or may come to possess, (ii) any documents or electronic files created by the Plaintiff which were, at the time provided to or obtained by Defendant (or any individual acting on behalf of or at the Defendant's instruction, control, or for the benefit of Defendant), marked with any indication that the materials belonged to the Revolution including marking indicating that the document is "confidential," "proprietary," "trade secret," "copyrighted," for "Agent Use Only", marked with a document or otherwise marked or identified in such a manner to put Defendant on notice that such documents or electronic files were not intended for the Defendant's use or dissemination absent the Plaintiff's consent, which consent (if any) has been revoked; and (iii) such other documents or electronic files as the parties may agree in writing from time to time.

Notwithstanding anything in this Order to the contrary, this Order does not prohibit the Defendant from returning Retained Material to the Plaintiff, and by so doing neither party will be deemed to have violated this Order, the Expedited Discovery Order, the general prohibition against spoliation, or any other applicable or potentially applicable rules and doctrines, provided Defendant coordinates the return of such materials with Plaintiff before accessing, modifying, or deleting any materials being returned to avoid the risk of spoliation and ensure the return does not impact work being performed by the Computer Forensic expert appointed by this Court. Further, nothing in this Order is intended to conflict with the provisions of the Expedited Discovery Order (Doc. No. 28).

Notwithstanding anything in this Order to the contrary, this Order does not prohibit the Defendant from using or disclosing Retained Material as necessary to defend this action or prosecute counterclaims in this action provided steps are taken to maintain the confidentiality of such materials consistent with this Order and the Court's Order Granting Expedited Discovery. Such use includes (i) disclosing Retained Material to his counsel in this action or such counsel's administrative staff, (ii) disclosing Retained Material to the Court or its staff, or (iii) disclosing Retained Material to the jury in this case. The parties are hereby granted leave to file Retained Material under seal. This Order prohibits all other uses of the Retained Material by Defendant (or any individual acting on behalf of or at the Defendant's instruction, control, or for the benefit of Defendant). Further, nothing in this Order prohibits Defendant from (i) using or continuing to use or disseminating or continuing to disseminate documents or electronic files

the Plaintiff may request or require Defendant to use or continue to use, or (ii) using or continuing to use or disseminating or continuing to disseminate, information already publicly known (except in a form substantially similar to any of the Retained Material, or information made public by consequence of Defendant's prior unauthorized disclosure, if any).

If the Plaintiff becomes aware that the Defendant appears to be in violation of any provision of this Order, the Plaintiff shall notify the Defendant in writing, of the particular Retained Material it believes the Defendant is using or has used, or is disseminating or has disseminated, and the particular manner in which Defendant used or disseminated such materials. Upon receipt of such notice, the Defendant shall respond in writing within five days, and the parties shall endeavor in good faith to resolve their dispute. If the parties are unable to do so, the Plaintiff may then seek relief from the Court, including requesting that the Court hold Defendant's actions to be in violation of this Order, and thus punishable by contempt. To the extent any part of this Order is subject to Fed. R. Civ. P. 65, Defendant irrevocably waives his right to insist on compliance with Fed. R. Civ. P. 65(d) and his right to appeal from the entry of this Order.

Any Retained Material is hereby preliminarily deemed designated Confidential, and shall be treated in accordance with the provisions in the Expedited Discovery Order regarding same. The preceding sentence is in no manner intended to limit the rights of the parties to request that the designation be modified.

Plaintiff has identified its concerns with Defendant's counsel representing Defendant and its major competitor: Plaintiff believes that counsel may disclose trade secrets learned through representing Defendant to Advisors Excel, or alternatively, counsel's inability to zealously represent Advisors Excel because counsel will not be allowed to disclose information learned through representing Defendant to Advisors Excel. These general observations, alone, are insufficient

to establish that counsel is necessarily acting under a conflict of interest, but this is essentially all Plaintiff offers.

## Discussion

"A party's right to select its own counsel is an important public right and a vital freedom that should be preserved; the extreme measure of disqualifying a party's counsel of choice should be imposed only when absolutely necessary." *Macheca Transport Co. v. Philadelphia Indemnity Insurance, Co.*, 463 F.3d 827, 833 (8th Cir. 2006). "The decision to grant or deny a motion to disqualify an attorney rests in the discretion of the [district] court," *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1154 (8th Cir. 1999) (internal quotations omitted) and motions to disqualify must be subjected to "particularly strict scrutiny" due to the potential for abuse. *Droste v. Julien*, 477 F.3d 1030, 1035 (8th Cir. 2007).

"[T]he extreme measure of disqualifying a party's counsel of choice should be imposed only when absolutely necessary." *Macheca Transp. Co.,* 463 F.3d at, 833 (internal quotations and citations omitted). "Disqualification is appropriate where an attorney's conduct threatens to work a continuing taint on the litigation and trial." *Gifford v. Target Corp.,* 723 F.Supp.2d 1110, 1116 (D.Minn.2010) (citation omitted). Factors to be considered include a court's "duty to maintain public confidence in the legal profession and its duty to insure the integrity of the judicial proceedings." *Id.* at 1116–17 (citation omitted). The party seeking

disqualification bears the burden of showing that such a sanction is warranted. *A.J. by L.B. v. Kierst,* 56 F.3d 849, 859 (8th Cir.1995). "[A]ny legitimate doubts must be resolved in favor of disqualification." *Gifford,* 723 F.Supp.2d at 1117 (citing *Coffelt v. Shell,* 577 F.2d 30, 32 (8th Cir.1978)); *see also Griffen by Freeland v. East Prairie, Mo. Reorg. School Dist. No. 2,* 945 F.Supp. 1251, 1254 (E.D.Mo.1996).

Pursuant to Local Rule 12.02, the professional conduct of attorneys practicing in this district is governed by the Missouri Rules of Professional Conduct. E.D. Mo. L.R. 12.02. ("The Rules of Professional Conduct adopted by this Court are the Rules of Professional Conduct adopted by the Supreme Court of Missouri, as amended from time to time by that Court"). The Supreme Court of Missouri adopted the Rules of Professional Conduct (the Model Rules), effective January 1, 1986. *See* Mo. Sup.Ct. R. 4. This Court has determined that the local rule intends to apply the Model Rules. *Commonwealth Land Title Ins. Co.,* 2009 WL 3069101 at *3; *see also Harker,* 82 F.3d at 807.

Rule 4–1.7 of the Model Rules governs conflicts of interest regarding current clients. Unless both affected clients give informed consent in writing, "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest." Mo. Sup.Ct. R. 4–1.7(a). A concurrent conflict of interest exists if "(1) the representation of one client will be directly adverse to another

6

client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." *Id.* Even if the concurrent clients' interests are not directly adverse, "a conflict of interest exists if there is a significant risk that a lawyer's ability to consider, recommend or carry out an appropriate course of action for the client will be materially limited as a result of the lawyer's other responsibilities or interests." *Id.* at comment 8.

"In addition to conflicts with other current clients, a lawyer's duties of loyalty and independence may be materially limited by responsibilities to former clients under Rule 4-1.9 or by the lawyer's responsibilities to other persons*, such as fiduciary duties arising from a lawyer's service as a trustee, executor, or corporate director*." *Id.* at comment 9. (Emphasis added).

Plaintiff claim that a conflict exists fails for a number of reasons. Initially, all clients have executed consents for counsel to continue representation. These consents serve to eliminate any challenges the clients may have. Indeed, it appears that a good portion of the representation of Defendant and Advisors Excel relate to the current employee/employer relationship in which they are engaged.

Furthermore, Plaintiff, although it attempts to argue that it falls within the "other persons" category, has failed to establish that defense counsel owes it a duty

7

of any kind that relates to loyalty and independence.  Counsel sole duty in this regard is to the clients, Defendant, Advisors Excel and Mr. Gagaza.

Thirdly, Plaintiff's argument that counsel will either disclose trade secrets to Advisors Excel or fail to represent Advisors Excel properly is based on pure speculation.  Nothing in the record establishes that counsel cannot abide by the Protective Order.  The Court is confident that counsel will maintain the integrity of the Protective Order; nothing has been shown that would lend support to Plaintiff's argument that counsel may disclose trade secrets or other "for attorneys' eyes only" information.  Ethically, counsel on both sides is obligated to keep confidential all such information.

## Conclusion

The record before the Court is completely devoid of any evidence that counsel for Defendant has breached any confidentiality duty or will do so in the future.  Defendant and counsel's other clients have consented to the representation by counsel of Defendant, Advisors Excel and Mr. Gagaza.  Plaintiff appears to prematurely argue that there will be an inevitable breach of the Protective Order, but has no basis upon which to so argue.  The Court is confident that counsel is capable of maintaining the confidentiality required of material produced in this matter.   The Motion to Disqualify will be denied, without prejudice.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Disqualify, [Doc. No. 54] is denied, without prejudice.

Dated this 26th day of January, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE